**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DENNIS SHIPMAN,**

                                **Plaintiff,**

        **v.**                                                                **1:10-CV-0941**
                                                                              **(GLS/RFT)**

**NEW YORK STATE OFFICER OF PERSONS**
**with DEVELOPMENT DISABILITIES;**
**METRO DEVELOPMENTAL DISABILITIES**
**SERVICES OFFICE; MAX E. CHMURA,**
**Acting Commissioner, Individually and**
**in his Official Capacity; JILL GENTILE,**
**Associate Commissioner, Individually**
**and in her Official Capacity; DELORES**
**LARK, Director, Office of Affirmative**
**Action, Individually and in her Official**
**Capacity; and PATRICIA SCHUCKLE,**
**Acting Director, Metro DDSO,**
**Individually and in her Official Capacity,**

                                **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Dennis Shipman
*Pro Se*
58 Groove Street
Newburgh, New York 12250-4128

**FOR THE DEFENDANTS:**
*NO APPEARANCE*

**Gary L. Sharpe**
**U.S. District Court Judge**

## MEMORANDUM-DECISION AND ORDER

On July 30, 2010, *pro se* plaintiff Dennis Shipman, filed an Order to Show Cause for a Preliminary Injunction/Temporary Restraining order asking the court to temporarily enjoin the defendants from refusing to grant him reasonable accommodation pursuant to Americans with Disabilities Act. *See* Generally *Dkt. No. 2*. On August 10, 2010, Shipman filed a motion for reconsideration. *See Dkt. No.* 6. For the reasons that follow, the motion is denied.

A party moving for reconsideration must "point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995.) "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *C-TC 9th Ave. P'Ship v. Norton Co. (In re C-TC 9th Ave. P'ship),* 182 B.R. 1, 2 (N.D.N.Y.1995.) Generally, the prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."

2

*Id.* at 3 (citation omitted.)  "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."  *Gaston v. Coughlin*, 102 F.Supp.2d 81, 83 (N.D.N.Y.2000) (citation omitted.)

The court is not persuaded that its earlier holding was in error, Shipman has failed to show an intervening change in controlling law, the existence of newly available evidence, a clear error of law, or the specter of manifest injustice.  Shipman's arguments simply flesh out a point of disagreement with this court.  This is insufficient to succeed on a motion for reconsideration.

**Wherefore**, for the reasons stated, it is hereby

**ORDERED** that the Motion for Reconsideration (*Dkt. No.* 6) is

**DENIED**.

**IT IS SO ORDERED**.

Date:       September 7, 2010
            Albany, New York

United States District Court Judge

3